21-3097-cv
*Glikin v. Major Energy Elec. Servs. LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of December, two thousand twenty-two.

Present:
> GERARD E. LYNCH,
> EUNICE C. LEE,
> BETH ROBINSON,
> *Circuit Judges*.

_____

ANGELA GLIKIN, on behalf of herself and all others similarly situated,

> *Plaintiff-Appellee*,

v.                                                    21-3097-cv

MAJOR ENERGY ELECTRIC SERVICES LLC,

> *Defendant-Appellant*.

_____

| | |
|---|---|
| For Plaintiff-Appellee: | D. GREGORY BLANKINSHIP, Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, White Plains, New York (J. Burkett McInturff, Wittels McInturff Palikovic, Armonk, New York, *on the brief*). |
| For Defendant-Appellant: | Kevin P. Allen and Thomas E. Sanchez, *on the brief*, Duane Morris LLP, Pittsburgh, Pennsylvania. |

Appeal from the United States District Court for the Southern District of New York (Briccetti, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiff-Appellee Angela Glikin brought this putative class action alleging that Defendant-Appellant Major Energy Electric Services LLC ("Major") deceived its customers and overcharged them for electricity. Major now appeals the district court's order denying its motion to stay the action pending arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3. *See Glikin v. Major Energy Elec. Servs., LLC*, 2021 WL 5909138 (S.D.N.Y. Dec. 13, 2021). We assume the parties' familiarity with the underlying facts, procedural history, and issues and arguments on appeal.

This Court applies *de novo* review to a district court's denial of a motion to stay an action pending arbitration. *Adams v. Suozzi*, 433 F.3d 220, 226 (2d Cir. 2005). Section 3 of the FAA requires a district court to stay proceedings "when all of the claims in an action have been referred to arbitration and a stay requested." *Katz v. Cellco P'ship*, 794 F.3d 341, 346 (2d Cir. 2015). To determine whether a valid agreement to arbitrate exists, courts look to ordinary state-law principles. *Zachman v. Hudson Valley Fed. Credit Union*, 49 F.4th 95, 101 (2d Cir. 2022). The parties and the district court agree that Maryland law applies.

Major argues that the district court erred in concluding that Glikin did not receive sufficient and effective notice of a purported contractual modification, which included an arbitration provision and class action waiver. We disagree. Glikin's original contract stated that she would receive "written notification of the renewal terms at least 45 days prior to the renewal date" and "30 days advance written notice of any material change to the Agreement." App'x at 78. The July

21, 2016 mailing, which Major claims modified Glikin's original contract, consisted of a letter stating that Glikin's contract would expire on September 7, 2016, and informing her that she could (1) choose a new electricity rate online, (2) select a new plan by phone, or (3) "Do Nothing!"—in which case her account would "automatically renew on a month to month variable rate plan." App'x at 88. The mailing also included a four-page, fine-print document titled "Maryland Residential and Small Commercial Disclosure Statement and Terms of Service," which included an arbitration provision and class action waiver. App'x at 90–94. The letter made no reference to those enclosed terms of service.

Under Maryland law, "where a party voluntarily included a notice of changes provision in a customer agreement it authored and had unilateral authority to amend," the authoring party's failure to comply with the notice provision cannot establish a valid contractual modification. *DIRECTV, Inc. v. Mattingly*, 829 A.2d 626, 636–37 (Md. 2003). In *DIRECTV*, Maryland's highest court specifically rejected the argument advanced by Major that merely enclosing a copy of the text of the new agreement was sufficient to comply with the notice provision. Major argues that *DIRECTV* is distinguishable because the contract in *DIRECTV* required "written notice *describing the change*," *DIRECTV*, 829 A.2d at 628 (emphasis in original), whereas Glikin's contract required simply "written *notice* of any material change," App'x at 78 (emphasis added). We need not address whether Major was required to provide a detailed description of the changes in the contract because Major failed to provide any notice of a material change in the first place. Relying on the dictionary definitions of "notice" and "describe," the *DIRECTV* court concluded that the contract there required, "in writing, information or a warning [notice] that would convey an image or impression in words designed to reveal [describe] the content of the new modifications . . . that w[ere] different from what the initial . . . agreement stated." *DIRECTV*, 829 A.2d at 634 (internal

quotation marks omitted). In other words, DIRECTV agreed to let the customer "know when a change occurred and what that changed entailed." *Id.* (emphasis omitted). Here, Major's letter neither *informed* Glikin that the attached contract was modified nor *warned* her to review the contract for changes. Regardless of any potential need for a detailed description, Major failed to let Glikin "know when a changed occurred." *Id.* Because the Maryland Court of Appeals has explained that merely attaching a contract is insufficient written notice, accepting Major's position "would be the practical equivalent of writing the notice [of any material change] provision out of the customer agreement." *Id.* at 637. Since the July 21, 2016 mailing did not effect a valid contractual modification so as to subject Glikin to the mandatory arbitration clause or class waiver provision, the district court did not err in denying Major's motion to stay the action pending arbitration.

We have considered Major's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4